IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Petitioner,                     No. CIV-08-2087 EFB P

    vs.

UNITED STATES OF AMERICA,

    Respondent.                  ORDER

                                 /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

       Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

       The court has reviewed the petition in detail and, for the reasons explained below, finds that in order to proceed petitioner must file an amended petition. *See* Rule 4, Rules Governing Section 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

       A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled

1

thereto." 28 U.S.C. § 2243. A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By its nature, a petition for a writ of habeas corpus challenges the legality of the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, suit under the civil rights statute is appropriate where a prisoner challenges the conditions of his confinement. *See Preiser*, 411 U.S. at 499. Even where the applicant challenges the fact or duration of confinement, a federal court cannot grant relief for alleged errors in the interpretation and application of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991); *Engle v. Issac*, 456 U.S. 107, 119 (1982); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir. 1985); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).

A petitioner seeking a writ of habeas corpus must name as respondent the person having custody over him. 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases. This person ordinarily is the warden of the facility where petitioner is confined. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner names as respondent the United States of America, which does not have custody over petitioner. Petitioner has not named the proper respondent. Additionally, the court notes that petitioner used the form for challenging a federal court conviction, *see* 28 U.S.C. § 2255, but the text of the petition makes clear that petitioner is challenging a state court conviction. *See* L.R. 91-190(b).

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. The August 11, 2008 petition is dismissed with leave to file an amended petition naming the proper respondent within 30 days of the date of this order. Petitioner's failure to file an amended petition may result in this action being dismissed without prejudice.

////

////

2

1 The Clerk of the Court is directed to send to petitioner the form Petition for a Writ of Habeas
2 Corpus used in this court.
3 Dated: March 26, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE