IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

      Petitioner,                      No. CIV S-08-2087 EFB P

      vs.

UNITED STATES OF AMERICA,

      Respondent.                  ORDER

_____/

      Petitioner is a state prisoner without counsel. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

      On August 11, 2008, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, the court construed the filing as a petition for writ of habeas corpus pursuant to § 2254, because petitioner appeared to be challenging a state court conviction. On March 26, 2009, the court dismissed the petition because petitioner failed to name the proper respondent. The court granted petitioner 30 days to file an amended petition naming the proper respondent and warned petitioner that failure to comply with the order might result in dismissal.

////

////

1

1       On April 28, 2009, petitioner filed a document styled "petition for writ of mandate," in which he (1) requests that the Clerk of the Court transcribe and forward to petitioner a copy of his petition and its exhibits, as well as "all records and documents,"[1] (2) states that he has been falsely imprisoned beyond his parole date by three-months, (3) states that he has been denied access to the courts because correctional officers within the Yolo County Sheriff's Department withheld and tampered with his legal mail and transferred him to another institution in retaliation for filing this action (4) that he is now housed at Folsom State Prison, where correctional officers are retaliating against him and depriving him of adequate health care, (5) requests a temporary restraining order with respect to his claims of retaliation, and (6) requests an extension of time to file an amended petition.

It appears that petitioner wishes to file a petition for writ of habeas corpus, given that he has requested an extension of time to file an amended petition, and contends that he has been falsely imprisoned beyond his parole date. However, petitioner also alleges various claims regarding the conditions of his confinement, such as his claims of retaliation and requests for injunctive relief. The law is well-established that habeas corpus is the sole remedy for a prisoner challenging the fact or duration of his confinement and seeking immediate or speedier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). An action under 42 U.S.C. § 1983 is the remedy for allegedly unconstitutional conditions of confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser*, 411 U.S. at 498-99.

In order to proceed, petitioner must inform the court whether he means to challenge the fact or duration of his confinement or whether he seeks damages or other relief for alleged civil rights violations.

Accordingly, it hereby is ORDERED that:

1. Petitioner's "petition for writ of mandate" is dismissed.

---

[1] The Clerk of the Court will provide copies of documents at $.50 per page.

2. Petitioner may, within 30 days of the date this order is filed, file an amended petition seeking relief from the fact or duration of his confinement and naming the proper respondent,[2] or instead, he may file a civil rights complaint pursuant to 42 U.S.C. 1983.

3. The Clerk of the Court is directed to send to petitioner the form application for a writ of habeas corpus and the form civil rights complaint used in this court. Petitioner must complete one or the other of these forms to clarify the remedy he seeks.  Failure to comply with this order may result in this action being dismissed.

Dated:  June 1, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As this court has previously informed petitioner, a petitioner seeking a writ of habeas corpus must name as respondent the person having custody over him. 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases.  This person ordinarily is the warden of the facility where petitioner is confined. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).