IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

      Petitioner,                      No. CIV-08-2087 EFB P

   vs.

UNITED STATES OF AMERICA,

      Respondent.                  <u>ORDER</u>

                                   /

       Petitioner, Anthony R. Turner, is a state prisoner without counsel. This case is before the undersigned pursuant to Turner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). Presently before the court is Turner's July 14, 2009 complaint alleging civil rights violations. Dckt. No. 14.

       On August 11, 2008, Turner commenced this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dckt. No. 1, 5, 12. On March 26, 2009, the court granted Turner leave to proceed in forma pauperis based on the supporting affidavit submitted by petitioner, and dismissed the petition because Turner failed to name the proper respondent. Dckt. No. 12. The court granted Turner 30 days to file an amended petition naming the proper respondent and warned Turner that failure to comply with the order might result in dismissal. *Id.*

////

On April 28, 2009, Turner filed a document styled "petition for writ of mandate." Dckt. No. 13. In this filing, it was not clear whether Turner was requesting habeas relief or pursuing relief for alleged civil rights violations. The court directed Turner to inform the court whether he means to challenge the fact or duration of his confinement or whether he seeks damages or other relief for alleged civil rights violations. Dckt. No. 14. The court also warned Turner that failure to comply with the order might result in dismissal. *Id.*

On July 14, 2009, Turner filed a complaint alleging his civil rights had been violated. Dckt. No. 15. Turner alleges various defendants violated his constitutional rights in July 2009, and requests damages and injunctive relief.

Unlike with a habeas petition, in order to proceed with a civil action, a plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit *and* trust account statement required by 28 U.S.C. § 1915(a). Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." Turner has not submitted a certified copy of his trust account statement or the institutional equivalent.

Accordingly, Turner has 30 days from the date this order is served to submit the required trust account statement. Failure to comply with this order will result in this action being dismissed. The Clerk of the court is directed to send to plaintiff a new form Application to Proceed In Forma Pauperis by a Prisoner.

So ordered.

Dated: June 29, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE