IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER

       Plaintiff,               No. CIV S-08-2087 EFB P

    vs.

UNITED STATES OF AMERICA,[1]

       Defendant.         <u>ORDER</u>

_____/

       On August 11, 2008, plaintiff commenced this action with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* Dckt. Nos. 1, 5, 12.  The court dismissed the petition because it failed to name the proper respondent.  Dckt. No. 12.  On April 28, 2009, plaintiff filed a document styled "petition for writ of mandate." Dckt. No. 13.  It was not clear from this filing whether plaintiff was requesting habeas relief or pursuing relief for alleged civil rights violations.  Therefore, the court directed plaintiff to inform the court whether he intends to challenge the fact or duration of his confinement or whether he seeks damages or other relief for alleged civil rights violations. Dckt. No. 14.

_____

    [1] Plaintiff commenced this action naming the United States of America as the defendant/respondent.  However, plaintiff is a state prisoner and in the pending complaint, appears to sue only county and state officials/entities as defendants.

On July 14, 2009, plaintiff filed a complaint alleging his civil rights had been violated. Dckt. No. 15.  He alleges in that complaint that various defendants violated his constitutional rights under 42 U.S.C. § 1983, and he requests damages and injunctive relief.  Therefore, it appears that plaintiff wishes to proceed with this action under 42 U.S.C. § 1983.  Plaintiff has requested leave to proceed in forma pauperis, and that the court enter judgment in his favor. Dckt. Nos. 18, 19.

## I.      Request to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 18.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.      Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim.  Plaintiff alleges that defendant Penadilla racially profiled plaintiff, illegally questioned plaintiff, and illegally arrested plaintiff after falsely accusing plaintiff, who was on parole at the time, of being in possession of and being under the influence of marijuana.  Plaintiff alleges he is falsely imprisoned as a result.

To state a § 1983 claim for violation of the Equal Protection clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

1   Plaintiff merely alleges that he was a victim of racial profiling but does not allege facts showing

2   intentional discrimination, or differential treatment of others similarly situated.  Accordingly,

3   this claim is dismissed.

4          Plaintiff's false arrest claim appears to go to the validity of plaintiff's conviction or

5   sentence.  The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent

6   prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target

7   of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if

8   success in that action would necessarily demonstrate the invalidity of confinement or its

9   duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82,(2005); *Heck v. Humphrey*, 512 U.S. 477

10  (1994).  Were plaintiff to succeed on this claim, such findings would necessarily implicate the

11  constitutionality of plaintiff's current imprisonment.  *See Heck*, 512 U.S. at 487.  Plaintiff has

12  not demonstrated that his sentence, which appears to have resulted from a parole revocation, has

13  previously been invalidated.  His claims challenging the validity of his current confinement are

14  therefore be dismissed.

15         Plaintiff alleges that once he was in jail, defendants Purcell, Brace, Ward, Rayls, and

16  McAllister prevented him from filing a citizen's complaint against defendant Penadilla.  Plaintiff

17  fails to state a claim based upon these allegations because the due process clause of the

18  Fourteenth Amendment creates no claim of entitlement to the prison grievance system.  *See*

19  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a

20  liberty interest in the processing of his appeals does not violate due process because prisoners

21  lack a separate constitutional entitlement to a specific prison grievance system).

22         Next, plaintiff claims he was taken to jail, and defendants Snyder, Purcell, Brace, and

23  Mackey took plaintiff's personal property, which was then destroyed by defendants Duran,

24  Warthan, Richardson, Boraga, Mendosa once he was transferred to Deuel Vocational Institute.

25  The Due Process Clause protects prisoners from being deprived of property without due process

26  of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in

4

their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  The United States

Supreme Court has held, however, that "an unauthorized intentional deprivation of property by a

state employee does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  California provides an adequate

postdeprivation remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Thus, to the extent plaintiff alleges due process violations based on the unauthorized conduct of

defendants, such claims must be dismissed because plaintiff has an adequate post deprivation

remedy under California law.  *See Barnett*, 31 F.3d 813 at 816 ("[A] negligent or intentional

deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an

adequate post deprivation remedy.") (per curiam).

Plaintiff also alleges that defendants Brace, Purcell, and Rayls placed him in

administrative segregation without due process and discriminated against plaintiff, who is

African American.  Again, plaintiff fails to allege sufficient facts to state a plausible equal

protection claim.  Additionally, plaintiff fails to state a cognizable due process claim based upon

his placement in administrative segregation, because he has not alleged facts showing that

defendants' actions in connection with his placement in administrative segregation, constituted

atypical and significant hardships in relation to the ordinary incidents of prison life.  *See Sandin

v. Conner*, 515 U.S. 472, 486 (1995) (holding that administrative segregation in and of itself

does not implicate a protected liberty interest); *Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir.

1989) (explaining that a prison's failure to meet its own guidelines regarding hearing deadlines

does not constitute denial of due process).

Further, plaintiff claims that defendants Rayls, Ward, McAllister, Westra, Purcell, and

Brace used excessive force against plaintiff to move him from one cell to another.  The Eighth

Amendment prohibits the infliction of "cruel and unusual punishments" and that the

"unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment. *Whitley v.*

1    *Albers*, 475 U.S. 312, 319 (1986).  In order to state a claim for the use of excessive force in

2    violation of the Eighth Amendment, plaintiff must allege facts that, if proven, would establish

3    that prison officials applied force "maliciously and sadistically to cause harm," rather than in a

4    good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

5    Plaintiff's conclusory allegations fail under these standards.

6          Finally, plaintiff claims he was placed in a cell in the dark, with no lights, for five days

7    with no toilet or sink.  The Eighth Amendment protects prisoners from inhumane methods of

8    punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d

9    1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of

10   confinement claim, and only those deprivations denying the minimal civilized measure of life's

11   necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v.*

12   *McMillian*, 503 U.S. 1, 9 (1992).  In order to state a claim for violation of the Eighth

13   Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials

14   knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g., Farmer v.*

15   *Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

16   Again, plaintiff's conclusory allegations, which fail to link any defendant to this alleged

17   violation of plaintiff's rights, fails to state a cognizable claim.

18         To proceed, plaintiff must file an amended complaint addressing the deficiencies

19   identified above.  Any amended complaint must also adhere to the following requirements:

20         It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

21   Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

22   complaint, the original pleading is superseded.

23         It must show that the federal court has jurisdiction and that plaintiff's action is brought in

24   the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

25   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

26   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

1    *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

2    he does an act, participates in another's act or omits to perform an act he is legally required to do

3    that causes the alleged deprivation).

4          It must contain a caption including the name of the court and the names of all parties.

5    Fed. R. Civ. P. 10(a).

6          Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

7    P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

8    the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

9    multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

10   against different defendants must be pursued in multiple lawsuits.  "The controlling principle

11   appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

12   alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

13   claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

14   unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

15   different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

16   produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

17   Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

18   without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

19   607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

20   both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

21   nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

22   at 607 (no "buckshot" complaints).

23         The allegations must be short and plain, simple and direct and describe the relief plaintiff

24   seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

25   *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

26   including many defendants with unexplained, tenuous or implausible connection to the alleged

1   constitutional injury or joining a series of unrelated claims against many defendants very likely

2   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

3   plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

4   these instructions.

5          Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

6   complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

7   allegations and that for violation of this rule the court may impose sanctions sufficient to deter

8   repetition by plaintiff or others.  Fed. R. Civ. P. 11.

9          A prisoner may bring no § 1983 action until he has exhausted such administrative

10  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

11  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

12  claims are warranted by existing law, including the law that he exhaust administrative remedies,

13  and that for violation of this rule plaintiff risks dismissal of his entire action

14         Accordingly, the court hereby orders that:

15         1.  Plaintiff's request to proceed in forma pauperis is granted.

16         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

17  accordance with the notice to the Director of the California Department of Corrections and

18  Rehabilitation filed concurrently herewith.

19         3.  The complaint is dismissed with leave to amend within 30 days.  The amended

20  complaint must bear the docket number assigned to this case and be titled "First Amended

21  Complaint."  Failure to comply with this order will result in this action being dismissed. If

22  plaintiff files an amended complaint stating a cognizable claim the court will proceed with

23  service of process by the United States Marshal.

24         4.  Plaintiff's July 8, 2010 request for judgment is denied as premature.

25  Dated:  October 26, 2010.

26                                         EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE

8